UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED GEORGE COX, SR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-2757 |
| | § | |
| FEROZE BHANDARA et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Defendants have filed a Motion to Dismiss for Insufficient Service, Docket No. 19. For the reasons provided below, Defendants' motion to dismiss is hereby **DENIED WITHOUT PREJUDICE**. Service on Defendants Ardenwood Group and Feroze Bhandara is hereby quashed. Plaintiff has until December 24, 2007 to effectuate proper service on Defendants.

### I.   BACKGROUND

Plaintiff, acting *pro se*, filed a complaint with the Court on August 24, 2007 alleging a wide variety of claims including violations of the Federal Deceptive Trade Act, Federal Fair Housing Act and "Civil and Constitutional Rights Violations." Plaintiff named as Defendants, among others, Ardenwood Group and Feroze "Fred" Bhandara, both as an individual and as CEO of Ardenwood Group. Plaintiff attempted to serve Defendants Ardenwood Group and Bhandara by certified mail from the Clerk of the Court.

Plaintiff addressed the summons and complaint to Defendant Ardenwood Group at its principal place of business, asking the U.S. Marshalls to deliver them to the "Leagal Department." Plaintiff addressed the summons and complaint to Defendant Bhandara at the same address (also his principal place of business), omitting any reference to the legal

department. The return of service for both Defendants shows that an individual by the name of Habib Diwan received and signed for the certified mail. According to Defendants, Habib Diwan is not authorized to receive service of process for either Ardenwood Group or Mr. Bhandara.[1]

## II.   ANALYSIS

A plaintiff may effect service on an individual by delivering a copy of the summons and complaint "to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," FED. R. CIV. P. 4(e)(2). Pursuant to Texas law, a plaintiff may also serve an individual defendant by certified mail, FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 103, 106(a). A plaintiff may effect service on an unincorporated association either by "delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or, pursuant to Texas law, by sending the summons and complaint by certified mail to the association's officer or authorized agent. FED. R. CIV. P. 4(h)(1); TEX. R. CIV. P. 103, 106(a).

If a plaintiff serves a defendant by certified mail pursuant to the laws of Texas, the return of service "must contain the return receipt with the addressee's signature. TEX. R. CIV. P. 107; see also Southwestern Sec. Services, Inc. v. Gamboa, 172 S.W.3d 90, 92-93 (Tex. App. 2005) ("If the return receipt is not signed by the addressee, the service of process is defective."). Texas courts strictly enforce compliance with service of process statutes. Harvestons Securities v. Narnia Investments, 218 S.W.3d 126, 132 (Tex. App. 2007) (citing Whitney v. L & L Realty Corp., 500 S.W.2d 94, 97 (Tex. 1973)).

---

[1] Plaintiff does not contest this fact. Defendants have provided no further information as to the identity of Habib Diwan.

Defendant Ardenwood Group argues that it was not properly served because Plaintiff directed the summons and complaint to its legal department and not an officer or authorized agent and because Mr. Habib Diwan, who is not an authorized agent or officer, signed the return receipt. Defendant Bhandara argues that he was not properly served because, although the summons and complaint were properly addressed, Defendant himself did not sign the return receipt. Instead, the return receipt reflects that Mr. Habib Diwan accepted the summons and complaint.

Defendant Ardenwood was not properly served because neither an officer nor an authorized agent signed the return receipt.[2] Similarly, Defendant Bhandara was improperly served because the return receipt was signed by Mr. Diwan and not by Mr. Bhandara, the addressee, or his authorized agent. The fact that Defendants seem to have received actual notice of the lawsuit does not change that conclusion. See Way v. Mueller Brass C., 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation, moreover, is insufficient to satisfy Rule 4's requirements."); Harvestons Securities, 218 S.W.3d at 132.

Even though service was insufficient, the Court will not dismiss this lawsuit. Dismissal is only appropriate where "there is simply no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." Stanga v. McCormick Shipping Corp., 268 F.2d 544 (5th Cir. 1959). Where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly, the Court has discretion to simply quash the service and allow the Plaintiff to effectuate proper service. See Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir.1994); 5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1354 (noting that when there is a possibility for effective service, "dismissal needlessly burdens the

---

[2] The reference to the legal department appears to have been of little consequence, given that Defendant Bhandara's summons included no mention of such a department, and that summons was also received by Mr. Diwan.

parties with additional expense and delay and postpones the adjudication of the controversy on its merits"). Dismissal would be particularly harsh in this case given that Plaintiff is acting *pro se* and made a valid attempt to serve Defendants. See Lisson v. ING Groep N.V., 2007 WL 2962521 at *4 (5th Cir. 2007) (noting that pro se litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."). The Court believes that there is a reasonable prospect that Plaintiff will be able to successfully serve Defendants in this case, and notes that the suit has been pending for less than 120 days. Defendants do not demonstrate any actual prejudice by the insufficiency of service. The Court will therefore quash the defective service and will allow the Plaintiff another chance to effect proper service of process.

Defendant's Motion to Dismiss for Improper Service is therefore **DENIED**. Prior service on Defendants Ardenwood Group and Feroze Bhandara is hereby quashed. Plaintiff must effect proper service of process on an officer or authorized representative of Defendant Ardenwood Group and on Defendant Bhandara by December 24, 2007.

**IT IS SO ORDERED.**

SIGNED this 30th day of October, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT